UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

CRAIG JANSSEN,

  *Plaintiff*,

v.                                            Case No.  SA-21-CV-00750-JKP

ALLSTATE VEHICLE & PROPERTY
INSURANCE COMPANY,

  *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Allstate Fire and Casualty Insurance Company's ("Allstate") Motion for Partial Dismissal under Federal Rules 9(b) and 12(b)(6). *ECF No. 2*. Upon consideration, the Court GRANTS IN PART Allstate's Motion for Partial Dismissal, giving Plaintiff Craig Janssen leave to amend the Petition filed in state court to comply with the pleading standards of Federal Rules 8 and 9(b).

## Factual Background

This case arises out of damages to Janssen's property caused by a hailstorm. Janssen alleges his property insured by Allstate sustained damages covered under the policy. After he submitted a claim, Janssen alleges Allstate failed to properly inspect, investigate, and assess damages and wrongfully denied and underpaid the covered damages. Janssen filed suit in Texas state court, asserting causes of action of breach of contract, unfair settlement practices in violation of Texas Insurance Code § 541.060, failure to provide prompt payment in violation of Texas

Insurance Code § 542, breach of duty of good faith and fair dealing, violation of the Texas Deceptive Trade Practices Act, and common law fraud. Allstate removed the case to this Court.

## **Legal Standard**

A Complaint must give the defendant fair notice of plaintiff's claim and the grounds upon which the plaintiff relies. Fed. R. Civ. P. 8; *Doss v. S. Cent. Bell Tel. Co.*, 834 F.2d 421, 424 (5th Cir. 1987) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To satisfy this pleading requirement, at a minimum, a plaintiff must provide a short and plain statement of each cause of action asserted to show entitlement to relief. Fed. R. Civ. P. 8(a)(2). This pleading standard does not require detailed factual allegations but does demand more than conclusory allegations of wrongdoing. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544. 555 (2007)).

Factual allegations supporting fraud or causes of action based in fraud, however, must meet stricter pleading standards under Federal Rule 9(b). Federal Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This required particularity for such pleading varies from case to case, but "[a]t a minimum, . . . requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elec., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003), *modified on other grounds*, 355 F.3d 356 (5th Cir.2003). More precisely, Federal Rule 9(b)'s particularity requirement compels that "the who, what, when, where, and how [ ] be laid out." *Id.* at 724. "Claims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to [Federal

Rule 9(b)'s] requirements." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F.Supp.2d 734, 742 (S.D.Tex. 1998); *Atascocita Realty, Inc. v. Heritage Ins. Co.*, 4:10-cv-4519, 2012 WL 4052914, at *4 (S.D. Tex. Sept. 13, 2012); *see also Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001).

A court may dismiss any cause of action for which it concludes the plaintiff failed to comply with the particularity-pleading requirement of Federal Rule 9(b); however, the Court "should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.,* 199 F.3d 239, 248 n. 6 (5th Cir. 2000); *Ricupito v. Indianapolis Life Ins. Co.*, 3:09-CV-2389-B, 2010 WL 3855293, at *6 (N.D. Tex. Sept. 30, 2010). Consequently, opportunity to amend is appropriate where it appears that more careful or detailed drafting might overcome the deficiencies on which dismissal is based. *Hart,* 199 F.3d at 248 n. 6; *Hitt v. City of Pasadena,* 561 F.2d 606, 608–09 (5th Cir. 1977); *Ricupito*, 2010 WL 3855293, at *6.

## Discussion

Allstate contends Janssen's claims of common law fraud or misrepresentation and for misrepresentation in violation of the Insurance Code § 541.060(a)(1) are insufficient to satisfy Rule 9(b)'s particularity requirement, and for this reason, should be dismissed.

Review of the factual allegations supporting Janssen's causes of action of fraud, violations of Texas Insurance Code, and the Texas Deceptive Trade Practices Act reveals the state-court Petition does not allege facts with sufficient particularity to support these causes of action. Instead, Janssen asserts merely conclusory allegations, stating: Allstate insured the subject property; Janssen's property was damaged by a covered wind/hailstorm; Allstate failed to properly

3

investigate the claim and damage, and; Allstate misrepresented that certain damage was not covered and thereby denied and underpaid the claim for covered damage.

Janssen does not plead with particularity what acts or statements Allstate committed or made that were fraudulent, who committed or made fraudulent or misleading statements, or why such alleged statements or actions were fraudulent. The allegations of misleading statements relate to Janssen's basic contention that Allstate wrongfully failed to pay the damage claim pursuant to the policy terms.  Such conclusory allegations fail "the who, what, when, where and how" relative to the Allstate's alleged fraudulent representations or concealed material facts. *See Atascocita Realty, Inc.*, 2012 WL 4052914, at *4.

## Conclusion

Because alleged violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent concealment or negligent misrepresentation are subject to Federal Rule 9(b)'s particularity requirements, and Janssen's causes of action of common law fraud, violations of Texas Insurance Code §§ 541 and 542, and violation of the Texas Deceptive Trade Practices Act fall short, these causes of action may be dismissed. *See Frith*, 9 F.Supp.2d at 742; *Atascocita Realty, Inc.*, 2012 WL 4052914, at *4. However, the Court concludes a careful or detailed drafting might overcome the deficiencies on which dismissal may be based, and therefore, opportunity to amend is appropriate. *See Hitt,* 561 F.2d at 608–09; *Ricupito*, 2010 WL 3855293, at *6.

Therefore, the Court GRANTS IN PART Allstate's Motion for Partial Dismissal. Although Janssen failed to comply with Federal Rule 9(b)'s particularity-pleading requirements, the Court allows Janssen leave to amend the Complaint to include factual allegations that satisfy the particularity requirements of Federal Rule 9(b).

Janssen shall file an Amended Complaint on or before twenty (20) days from the date of this Memorandum Opinion and Order. Should Janssen fail to file an Amended Complaint on or before this deadline, Allstate's Motion for Partial Dismissal shall be reinstated and granted, in that the causes of action asserting common law fraud, violations of Texas Insurance Code §§ 541 and 542, and violation of the Texas Deceptive Trade Practices Act shall be dismissed.

It is so ORDERED.
SIGNED this 14th day of September, 2021.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE