IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CRAIG JANSSEN, | § § § | |
| *Plaintiff,* | § § | SA-21-CV-00750-JKP |
| vs. | § § § | |
| ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY, | § § § § | |
| *Defendant.* | § | |

# ORDER

Before the Court in the above-styled cause of action is Defendant Allstate Fire and Casualty Company's Opposed Daubert Motion to Exclude and/or Limit Testimony of Plaintiff's Designated Expert [#27]. By its motion, Defendant asks the Court to exclude the proposed testimony of Plaintiff's designated claims handling expert, Gary Johnson. The Court held a hearing on the motion on June 21, 2022, at which both parties appeared through counsel. After considering Defendant's motion, the response and reply thereto [#28, #29], the arguments of counsel at the hearing, Johnson's expert report, and the governing law, the Court orally granted the motion at the close of the hearing.[1] The Court now memorializes its oral ruling with this written Order.

---

[1] After the hearing, Plaintiff filed a Request for Leave of Court to Supplement Plaintiff's Response to Defendant's Motion to Strike [#31], requesting leave to supplement his response with additional case law. The Court will deny the motion. Plaintiff had the opportunity to respond in writing to Defendant's motion and to present oral argument to the Court. The briefing has closed, and the Court has made its determination.

1

## I. Background

This case arises out of a wind and hail storm event on May 27, 2020, that allegedly caused extensive damage to Plaintiff's property located at 19 Boot Hill Drive in Kerrville, Texas. Defendant Allstate Vehicle & Property Insurance Company ("Allstate") insured the property under a homeowner's policy issued to Plaintiff. Plaintiff filed an insurance claim with Allstate, and the claim was denied and/or underpaid. Plaintiff subsequently filed this action in state court, alleging breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Deceptive Trade Practices Act and other provisions of the Texas Insurance Code. Allstate removed the case to federal court.

Plaintiff has designated Gary Johnson, an appraiser and licensed adjuster in Florida, Texas, and Oklahoma, as his claims handling expert and provided an expert report disclosing Johnson's proposed opinions as required by the Federal Rules of Civil Procedure. (Pl's Expert Designation [#24], at 2; Johnson's Expert Report [#27-1].) Plaintiff's expert designation indicates that Johnson will testify concerning the claims handling process and Plaintiff's bad faith claims. (Pl's Expert Designation [#24], at 2.) Johnson's expert report concludes that Allstate's adjusters failed to perform a reasonable investigation of Plaintiff's claim, failed to make a prompt and equitable settlement of the claim, and did not act in good faith in denying the claim. (Johnson's Expert Report [#27-1], at 4–5.) Allstate has moved to exclude Johnson from testifying as an expert for Plaintiff in this case on the basis that he is unqualified to provide expert testimony on insurance bad-faith claims and his opinions are conclusory and unreliable.

## II. Legal Standard

Allstate's motion arises under the standards set forth in Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 589 (1993). In *Daubert*,

the Supreme Court held that trial judges must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable. Subsequent to *Daubert*, Rule 702 of the Federal Rules of Evidence was amended to provide that a witness "qualified as an expert . . . may testify . . . in the form of an opinion . . . if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *See Guy v. Crown Equipment Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting Fed. R. Evid. 702). The Rule 702 and *Daubert* analysis applies to all proposed expert testimony, including nonscientific "technical analysis" and other "specialized knowledge." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). When expert testimony is challenged under *Daubert*, the burden of proof rests with the party seeking to present the expert testimony. *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269 (5th Cir. 1998).

Under *Daubert*, expert testimony is admissible only if the proponent demonstrates that: (1) the expert is qualified; (2) the evidence is relevant to the suit; and (3) the evidence is reliable. *See id.* at 276; *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 989 (5th Cir. 1997). *Daubert* sets forth four specific factors that the trial court should ordinarily apply when considering the reliability of scientific evidence: (1) whether the technique can or has been tested; (2) whether it has been subjected to peer review or publication; (3) whether there is a known or potential rate of error; and (4) whether the relevant scientific community generally accepts the technique. *Id.* This test of reliability, however, is "flexible," and these factors "neither necessarily nor exclusively apply to all experts or in every case." *Kumho Tire Co.*, 526 U.S. at 141. "Rather, the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination." *Id.* at 142. "The proponent need not prove that

the expert's testimony is correct, but she must prove by a preponderance of the evidence that the testimony is reliable." *Moore*, 151 F.3d at 276.

Notwithstanding the testing of an expert's qualification, reliability, and admissibility, "the rejection of expert testimony is the exception rather than the rule." Fed. R. Evid. 702, Adv. Comm. Notes (2000). *Daubert* did not work a "seachange over federal evidence law," and "the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system." *Id.* (quoting *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1078 (5th Cir. 1996)). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

### III.  Analysis

Allstate contends that Johnson should not be permitted to testify as an expert in this case because he is unqualified to testify on insurance bad-faith claims and his opinions are conclusory, lack supporting facts or data, and constitute nothing more than the *ipse dixit* of the expert. Applying the standards set forth in *Daubert* and Rule 702, the Court finds that, regardless of whether or not Johnson is qualified to testify as an expert on insurance bad-faith claims, Plaintiff has failed to carry his burden to establish the reliability of Johnson's proposed testimony. The Court will therefore order the exclusion of Johnson as a claims handling expert for Plaintiff at trial.

The entirety of the opinions disclosed in Johnson's expert report are as follows:

- The claims handling review of all documents regarding the dwelling at 19 Boot Hill Drive has determined that Allstate Vehicle and Property Insurance Company and its vendor/adjusters did not adjust the residential property claim properly.

- This claim including but not limited to roof, vents, exterior damages should have been replaced/repaired after the inspections by Allstate Vehicle and Property Insurance Company retained experts and adjusters.

- Allstate Vehicle and Property Insurance Company should have known at the time of the inspection . . . that it was reasonably clear the claim was covered, and that Allstate Vehicle and Property Insurance Company was liable . . . .

- Allstate Vehicle and Property Insurance Company failed to perform a reasonable investigation of the Janssen's Claim . . . , and failed to make prompt, fair . . . and equitable settlement of the claim . . . that a reasonable investigation would have discovered bringing Mr. Janssen back to pre-loss condition . . . .

- Based on my experience, skill, and training in the field, it is apparent to me that Allstate Vehicle and Property Insurance Company must have spent an inadequate amount of time inspecting the dwelling's damages or intentionally overlooked a multitude of different covered damages, including the replacement to the roofs and the exterior damages. A reasonable, experienced adjuster acting in good faith and performing a reasonable investigation would have concluded that the damages occurred during the policy period, were caused by a covered cause of loss and issued prompt payment for said damages.

(Johnson Expert Report [#27-1], at 3–5.)

Allstate argues that Janssen has not established the reliability of these opinions because his report lacks any analysis as to how any methodologies were used, fails to explain what analysis was used to determine whether the subject property was damaged, fails to explain what analysis or evidence was relied upon in determining whether or not any damages were covered under the policy at issue, and is nothing more than a conclusory opinion that Allstate failed to abide by any statutory or legal standards of claims handling. The Court agrees.

Johnson's expert report fails to demonstrate that the opinions contained therein are "based upon sufficient facts or data"; that the testimony "is the product of reliable principles and methods"; and that Johnson "has applied the principles and methods reliably to the facts of the case." *See Guy*, 394 F.3d at 325. In his report, Johnson states that his findings "have been deduced by applying the accepted industry standard methodology" and lists three methodologies used for recognizing damages to building structures: Haag Engineering, Nelson Engineering and

EFI Global Engineering.  (Johnson Expert Report [#27-1], at 4.)  Johnson also states that he relied on an exterior inspection of all elevations of the property, the interior, and the roof system; reports and photos; and his knowledge of claims handling and inspection techniques from being a litigation adjuster for years.  (*Id.*)  Yet, as pointed out by Allstate, Johnson never mentions or describes these methodologies in his opinion and does not explain in any way how they were applied.  Nor do Johnson's opinions contain any references to the facts or data he evaluated to reach his conclusions, aside from referencing some photos of damage that were allegedly not addressed by Allstate's adjuster and that an independent adjuster report and photos showed wind damage to metal panels and fasteners.  (*Id.* at 4.)  Without more, Allstate and the Court are left guessing as to the facts and analysis underlying Johnson's opinions, and Johnson's opinions represent nothing more than conclusory opinions that will not assist the trier of fact.

Plaintiff's response to Allstate's motion failed to provide the Court with the missing facts and data, principles and methods, and required application of those methods to the facts at hand.  Instead, Plaintiff provided the Court with an affidavit by Johnson, in which Johnson reiterates his general qualifications regarding claims handling as an adjuster.  (Johnson Aff. [#28-1].)  The affidavit does not contain any statements regarding the facts, data, and methodology used to reach his opinions in this case.  Plaintiff also provided the Court with an opinion and deposition testimony from another case in which Johnson was designated as an expert and in which the court denied a motion to strike.  (Opinion [#28-2]; Johnson Dep. [#28-3].)  Yet that opinion did not address the type of *Daubert* challenge at issue here and instead addressed a causation challenge.  (Opinion [#28-2].)  These exhibits fail to address the deficiencies identified by Allstate in its motion.

6

In contrast, Allstate has provided the Court with an opinion by another federal district court faced with a *Daubert* challenge to Johnson's proposed expert opinions based on the same arguments of unreliability as to the conclusory nature of the expert report. *See Caramba, Inc. v. Nationwide Mutual Fire Ins. Co.*, No. H-19-1973, 2020 WL 7684136 (S.D. Tex. Dec. 24, 2020). The Court finds this opinion persuasive. In *Caramba*, Johnson also provided an expert report containing general and vague opinions that the insurance company failed to properly adjust the claim and the insurance company had also moved to strike the opinions on the basis that they were conclusory and lacked a reliable methodology. *Id.* at *6. The court concluded that Johnson's opinions constituted nothing more than Johnson's subjective opinion that he had utilized generally accepted principles, as he failed to describe any methodology or analysis. *Id.* at *7. An expert's "assurances that he has utilized generally accepted principles is insufficient" to establish reliability under *Daubert*. *Brown v. Ill. Cent. R. Co.*, 705 F.3d 531, 536 (5th Cir. 2013) (internal quotation and citation omitted).

The Court reaches the same conclusion here. Plaintiff has failed to satisfy his burden to demonstrate that Johnson's opinions are supported by a reliable methodology and sufficient facts or data. Accordingly, Johnson's opinion as stated in his expert report constitutes nothing more than a conclusory opinion that is unlikely to assist the jury in this case. *See Guile v. United States*, 422 F.3d 221, 227 (5th Cir. 2005). The Court will therefore grant Allstate's motion.

**IT IS THEREFORE ORDERED** that Defendant Allstate Fire and Casualty Company's Opposed Daubert Motion to Exclude and/or Limit Testimony of Plaintiff's Designated Expert [#27] is **GRANTED**.

**IT IS FURTHER ORDERED** that Gary Johnson is prohibited from testifying as a claims handling expert for Plaintiff in this case.

**IT IS FINALLY ORDERED** that Plaintiff's Request for Leave of Court to Supplement Plaintiff's Response to Defendant's Motion to Strike [#31] is **DENIED**.

SIGNED this 24th day of June, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE